UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HOWARD RANDALL, TRUSTEE, etc.,

Plaintiff,

-against-                                                    15-cv-7759 (LAK)

FIFTH STREET FINANCE CORP., et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12\23\15

## MEMORANDUM WITH RESPECT TO
## SELECTION OF LEAD PLAINTIFF AND LEAD COUNSEL

LEWIS A. KAPLAN, *District Judge.*

This is a putative securities fraud class action. The matter is before the Court on a number of competing motions for, among other things, appointment as lead plaintiff(s) and approval of lead counsel for the class. There remain three candidates [DIs 47, 53, 56], two of which are groups of two plaintiffs each:

| Plaintiff(s) | Proposed Lead Counsel | Alleged Individual Loss | Alleged "Group" Loss |
|---|---|---|---|
| Stewardson, as Trustee | Kessler Topaz | $83,295 | $83,295 |
| Sacco<br><br>Stein | Levi & Korsinsky | $90,550 to $112,664<br><br>$70,738 to $99,665 | $161,288 to $212,329 |
| Randall, as Trustee<br><br>Okla. Police Pension and Ret. System | Robbins Geller and Labaton Sucharow | $32,071<br><br>$92,831 to $115,195 | $124,902 to $147,266 |

As an initial matter, Sacco and Stein oppose the Randall - OPPRS motion [DI 63]. They point out that it is undisputed that OPPRS currently is serving as a lead plaintiff in four federal securities class actions within the past three years. And they note that 15 U.S.C. § 78u-4(a)(3)(B)(vi) reads: "Restrictions on professional plaintiffs. Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the

Federal Rules of Civil Procedure during any 3-year period." But the key words are "more than 5," not "5 or more." In consequence, the Court rejects the contention that OPPRS should be excluded as a lead plaintiff or that the presumption that attaches to its loss, which is the largest loss claimed[1] by any of the individual plaintiffs seeking lead plaintiff status, is devalued. Thus, the Court begins from the premise that OPPRS presumptively is the lead plaintiff. But that is not the end of the matter for at least two reasons.

First, assuming *arguendo* that OPPRS were selected as lead counsel, the Court would see no added value from the participation of Mr. Randall as a co-lead plaintiff. Nor would it see any reason to involve two law firms as co-lead counsel. All of the firms in contention for the lead counsel slot, including both proposed by OPPRS and Randall, are entirely capable of representing any class that might be certified. The proposed redundancy of law firms would be likely only to increase the cost of the representation without commensurate benefit. Assuming *arguendo* that the Court were disposed to select OPPRS as lead counsel, it is entitled to know which law firm it would select were it obliged to select only one.

Second, OPPRS is a public body, some of the trustees of which are elected and others of whom are appointed by elected officials or appointees of elected officials. OKLA. STAT. ANN. tit. 11, § 50-103.1 (West); https://www.ok.gov/OPPRS/About_OPPRS/Board_of_Trustees/index.html (last visited Dec. 22, 2015). This Court recently has noted concerns that have been expressed with respect to political contributions by law firms seeking class action representations to holders of and candidates for public office who could be in a position to influence participation by public pension funds in securities litigation and the selection of counsel by such funds. *In re Bank of New York Mellon Forex Transactions Litig.*, No. 12-md-2335 (LAK), — F. Supp. 3d. —, 2015 WL 8082783, at *3-4 (S.D.N.Y. Dec. 4, 2015). OPPRS's proposed participation as a lead plaintiff alone would raise those concerns. The fact that it is participating as lead plaintiff in four other class actions and has sought that status in still others heighten their acuity. Accordingly, the Court requires additional information in order to rule on the remaining motions.

OPPRS shall provide the following information no later than January 21, 2016:

1. The identity of each law firm that represents, represented, or was proposed unsuccessfully to represent OPPRS in each of the four other securities class actions in which it is a lead plaintiff as well as the identity of each law firm that it proposed as lead counsel in each securities class action in which it unsuccessfully sought designation as a lead plaintiff, in each case within the last three years.

---

[1] Sacco and Stein state in their opposition that OPPRS's claimed loss must be adjusted down by approximately $22,364 because its loss chart fails to account for its sale of 10,100 shares of Fifth Street Finance Corp. ("Fifth Street") common stock on September 23, 2014, as noted in its PSLRA certification. *See* DI 63 at 1-3 ns. 1-4; *compare* DI 58-1 at pdf pg. 6, *with* DI 58-2.

Similarly, Randall and OPPRS state in their opposition brief that Sacco and Stein, both individually and collectively, overstate their losses by utilizing an incorrect average closing price for Fifth Street common stock during the 90 days after the end of the class period. *See* DI 61 at 6-8. Under the PSLRA, the "mean trading price" during that 90-day period is used to calculate loss for shares held past the end of the class period. 15 U.S.C. § 78u-4(e).

2.      The date, amount and donee of each political contribution made within the past three years by either of the firms and members of the firms it has proposed as lead counsel in this case to any (a) elected trustee, (b) candidate for election as a trustee, and (c) trustee appointed by any elected official, whether such contribution was made to a trustee or candidate directly or via a campaign committee or other such entity.

3.      The date, amount and donee of each political contribution made within the past three years by each firm and member of each firm it proposed as lead counsel in any other securities class action in which it has served as a lead plaintiff during any part of the past three years to any (a) elected trustee, (b) candidate for election as a trustee, and (c) trustee appointed by any elected official, whether such contribution was made to a trustee or candidate directly or via a campaign committee or other such entity.

4.      The date, amount and donee of each political contribution made within the past three years by each firm and member of each firm it proposed as lead counsel in any other securities class action in which it unsuccessfully sought to serve as a lead plaintiff during any part of the past three years to any (a) elected trustee, (b) candidate for election as a trustee, and (c) trustee appointed by any elected official, whether such contribution was made to a trustee or candidate directly or via a campaign committee or other such entity.

5.      Its response to Sacco and Stein's argument that it has overstated its individual loss by over $22,000 by failing to account for its sale of 10,100 shares of Fifth Street common stock on September 23, 2014.

Additionally, all putative lead plaintiffs identified in the chart above shall provide the Court, no later than January 21, 2016, with copies of any fee arrangements into which they have entered with their proposed lead counsel, and any other counsel that purport to represent them in this action. This information may be filed under seal.

Finally, Sacco and Stein shall provide, no later than January 21, 2016, their response to Randall and OPPRS's argument that they overstated their combined losses by over $50,000 by using a deflated 90-day look-back price [*see* DI 61 at 6-8].

SO ORDERED.

Dated:       December 23, 2015

_____
Lewis A. Kaplan
United States District Judge