RECEIVED

OCT 31 2016

COURTESY COPY

JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 09 2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————x
:
IN RE FIFTH STREET FINANCE CORP.      :
SECURITIES LITIGATION                 :      Case No. 15-cv-7759 (LAK)
:
——————————————————————
:
This Matter Relates To:               :
:
All Actions                           :
:
:
——————————————————————x

[PROPOSED] ORDER
PROVISIONALLY CERTIFYING SETTLEMENT CLASS
AND APPROVING NOTICE TO SETTLEMENT CLASS

WHEREAS Lead Plaintiff Oklahoma Police Pension and Retirement System

("Plaintiff"), on behalf of the Class (as defined below), has applied to the Court pursuant

to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the

"PSLRA") for an Order provisionally certifying the Class in the above-captioned action

for settlement purposes and authorizing the dissemination of notice of the proposed

Settlement to the Class; and

WHEREAS the proposed Settlement is embodied in the Stipulation of Settlement

dated as of July 27, 2016, with annexed exhibits (collectively, the "Settlement

Agreement"), which has been submitted to the Court with Plaintiff's motion; and

WHEREAS the Court has considered the Settlement Agreement and the Settling

Parties' submissions; and

WHEREAS all terms of the proposed Settlement are subject to the Court's approval after notice has been provided to the Class and the Court has held a Fairness Hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:[1]

1.  **Provisional Certification of Class for Settlement Purposes.**  The Court hereby provisionally certifies the Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3).  The Class (consisting of "Class Members") is defined to consist of all persons and entities (or legal beneficiaries) who purchased or otherwise acquired common stock of Fifth Street Finance Corp. ("FSC") during the period from July 7, 2014 through February 6, 2015, inclusive ("the Class Period"). Excluded from the Class are:

a.  all Defendants; any other individuals who were officers or directors (as determined under section 16 of the Exchange Act) of FSC or Fifth Street Asset Management Inc. ("FSAM") during the Class Period; Family Members of any of the foregoing, and their legal representatives, trustees, administrators, heirs, successors, or assigns; and any entity in which any Defendant had a Controlling Interest during the Class Period;

b.  persons or entities who submit timely and valid requests for exclusion from the Class; and

---

[1]  Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement.

    c.      persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees and released the Releasees from any further Claims concerning their purchase or other acquisition of FSC common stock during the Class Period.

    2.      This provisional certification of the Class is made for the sole purpose of the potential consummation of the proposed settlement of the Action in accordance with the Settlement Agreement.  If the Court does not grant final approval of the proposed Settlement, or if the Court's grant of final approval does not become Final for any reason whatsoever, or is modified in any material respect, this provisional class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiff or anyone else to seek class certification in this or any other matter.

    3.      For purposes of the proposed settlement of the Action, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court provisionally finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) appear to be satisfied, in that:

    a.      The Class appears to be so numerous that joinder of all members would be impractical;

    b.      Plaintiff has alleged one or more questions of fact and law that appear to be common to all Class Members;

c.     Based on Plaintiff's allegations that Defendants engaged in uniform conduct affecting all Class Members, Plaintiff's claims appear to be typical of those of the other members of the Class;

d.     Plaintiff appears to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Plaintiff's interests appear to be consistent with those of the other Class Members, (*ii*) Lead Counsel appears to be able and qualified to represent the Class, and (*iii*) Plaintiff and Lead Counsel appear to have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

e.     For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Class Members' interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

4.     **Certification of Class Representative and Appointment of Class Counsel for Settlement Purposes.**  Solely for purposes of the proposed Settlement, the Court hereby provisionally certifies Oklahoma Police Pension and Retirement System as

the class representative and provisionally appoints Labaton Sucharow LLP as class

counsel pursuant to Fed. R. Civ. P. 23(g).

5.     **Fairness Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a

hearing (the "Fairness Hearing") on Feb. 16 , 2017, at 9:30 a.m. (a date

no fewer than 100 days from the date of this Order), before The Honorable Lewis A.

Kaplan, United States District Judge for the Southern District of New York, at the United

States Courthouse, 500 Pearl Street, New York, New York, 10007, in Courtroom 21B.

The Court may adjourn the Fairness Hearing and reconvene it at some other date or time

without further notice to potential Class Members and may approve the proposed

Settlement at or after the Fairness Hearing with such modifications as may be consented

to by the parties to the Settlement Agreement and without further notice to the Class.

6.     At the Fairness Hearing, the Court will consider, among other things:

a.     whether the Court should grant final certification of the Action as a

class action for settlement purposes and confirm its appointment of Plaintiff and Lead

Counsel as Class representative and Class counsel, respectively;

b.     whether the Court should approve the proposed Settlement as fair,

reasonable, and adequate;

c.     whether the Court should approve the proposed Plan of Allocation

as fair and reasonable;

d.     whether a Final Order and a Judgment, substantially in the forms

attached to the Settlement Agreement as Exhibits B and C, should be entered dismissing

the Action on the merits and with prejudice, and whether the releases in the Settlement

Agreement should be provided to the released parties;

        e.     whether the Court should enter the permanent injunctions and bar

orders requested in the Settlement Agreement;

        f.     whether the Court should approve Lead Counsel's request for

attorneys' fees and expenses; and

        g.     any other matters that the Court may deem appropriate.

    7.    **Administration of Proposed Settlement.**

        a.     **Retention of Claims Administrator.**  The Court approves

Plaintiff's selection of A.B. Data, Ltd. to serve as claims administrator (the "Claims

Administrator").  The Claims Administrator shall perform various tasks as directed by

Lead Counsel, including:  (*i*) distributing the Individual Notice to potential Class

Members; (*ii*) arranging for publication of the Publication Notice; (*iii*) posting the

Individual Notice and other documents about the Action on a website for the Settlement;

(*iv*) setting up and operating a toll-free telephone number with access to operators to

answer inquiries from potential Class Members and/or to forward such inquiries to Lead

Counsel; (*v*) training staff members and operators to be knowledgeable about the

proposed Settlement and the Plan of Allocation; (*vi*) responding to written inquiries from

potential Class Members and/or forwarding such inquiries to Lead Counsel;

(*vii*) providing additional copies of the Individual Notice, upon request, to Nominees or

potential Class Members; (*viii*) receiving and maintaining any potential Class Members'

requests for exclusion from the proposed Settlement; (*ix*) receiving, processing, and

making recommendations about Claim Forms submitted by claimants; (*x*) mailing or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation; and (*xi*) otherwise administering and implementing the Settlement Agreement.

        b.    **Notice and Administration Costs and Taxes**.  As provided in the Settlement Agreement, (*i*) before the Final Settlement Date, all reasonable costs up to the sum of $150,000 incurred in identifying and notifying potential Class Members and in administering the Settlement (including the Claims Administrator's fees and expenses) shall be paid from the Settlement Fund as set forth in the Settlement Agreement without further order of the Court, and (*ii*) Lead Counsel or the Claims Administrator or their agents are authorized and directed to prepare any tax returns required to be filed on behalf of or concerning the Settlement Fund and the Net Settlement Fund, to cause any Taxes due and owing to be paid from the funds in the Escrow Account, and to otherwise perform all obligations as to Taxes and any reporting or filings relating to them as contemplated by the Settlement Agreement, without further order of the Court.

        8.    **Notice to Class Members**.  The Court hereby approves, as to form and content, the Cover Letter to Investors, the Individual Notice, Claim Form, and Publication Notice annexed to this Order as Exhibits 1, 2, 3, and 4 respectively.  The Court finds that the Cover Letter to Investors, the Individual Notice, Claim Form, and Publication Notice will sufficiently inform the potential Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Class Member's right and opportunity to object to the proposed Settlement.  The

Court further finds that the mailing and distribution of the Cover Letter to Investors, the Individual Notice and Claim Form and the publication of the Publication Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and constitute the best notice practicable under the circumstances and due and sufficient notice to all persons entitled to such notice.

9.    Within five (5) business days after entry of this Order, FSC and/or its transfer agent(s), to the extent they have not already done so, shall provide or cause to be provided to the Claims Administrator lists of all persons and entities that purchased FSC common stock during the Class Period (the "Shareholder Lists"), so that the Claims Administrator can provide notice to such potential Class Members.  To the extent practicable, the Shareholder Lists shall be in electronic form (such as Excel) and shall contain the names and addresses of all potential Class Members who can be identified through reasonable efforts from FSC's and its transfer agents' records.

10.    By at least sixty (60) calendar days (the "Notice Date") before the deadline for objecting to the proposed Settlement, the Claims Administrator shall mail or cause to be mailed the Cover Letter to Investors, the Individual Notice and the Claim Form, substantially in the forms annexed to this Order as Exhibits 1, 2, and 3 by first-class mail, postage prepaid, to all potential Class Members at the address of each such person or entity as set forth in the Shareholder Lists or who are identified by further reasonable efforts.  Notices will also be provided by FSC (at its own expense) to

U.S. federal and state officials if and to the extent required by the Class Action Fairness Act of 2005 ("CAFA").

11.     Within ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Publication Notice (substantially in the form annexed to this Order as Exhibit 4) to be published once in each of *The Wall Street Journal* and *Investor's Business Daily* as well as on PRNewswire.

12.     The Claims Administrator shall also cause copies of the Cover Letter to Investors, the Individual Notice and Claim Form to be mailed as soon as practicable to persons who assert, in response to the Publication Notice or otherwise, that they are potential Class Members.

13.     If any Individual Notices are returned to the Claims Administrator with updated addresses, or if updated addresses are otherwise reasonably available, the Claims Administrator shall remail such notices to the updated addresses; *provided, however,* that, if the Claims Administrator does not obtain such updated addresses at least five (5) business days before the date of the Fairness Hearing, no remailing shall be required.

14.     The Claims Administrator shall cause a website to be established so that potential Class Members can find information relating to the Action and the proposed Settlement. The website shall contain, among other things, copies of (*i*) the Cover Letter to Investors, (*ii*) the Individual Notice, including the Plan of Allocation, (*iii*) the Claim Form, (*iv*) the Publication Notice, (*v*) the Settlement Agreement (including the exhibits), (*vi*) motions for approval of the proposed Settlement, and any responsive papers, (*vii*) Lead Counsel's motion for an award of attorneys' fees and expenses, and any

responsive papers, (*viii*) the Complaint in the Action, (*ix*) this Order and any subsequent

Orders concerning the proposed Settlement and the Fairness Hearing, and (*x*) such other

materials as the Settling Parties determine should be posted.

15.    At least seven (7) calendar days before the Fairness Hearing, Lead

Counsel and/or the Claims Administrator shall serve and file with the Court proof by

affidavit or declaration of the mailing and publication of the Cover Letter to Investors,

the Individual Notice and the Publication Notice and the posting of the various materials

on the Claims Administrator's website, all as required by this Order.

16.    The costs of providing class notice (other than CAFA notice) pursuant to

the Settlement Agreement and this Order will be paid from the Settlement Fund, as

addressed in the Settlement Agreement.  Lead Counsel is hereby empowered to supervise

and administer the notice procedures set out in this Order.

17.    The Claims Administrator shall make reasonable efforts to identify all

persons who are potential Class Members, including beneficial owners whose FSC

securities are or were held by banks, brokerage firms, depository institutions, or other

nominees.  Nominees who purchased or otherwise acquired FSC common stock during

the Class Period must, within fourteen (14) calendar days after receipt of the Individual

Notice and Claim Form, either (*a*) request from the Claims Administrator sufficient

copies of the Cover Letter to Investors, the Individual Notice and Claim Form to forward

to all such beneficial owners and, within fourteen (14) calendar days after receipt of the

copies of the Individual Notice and Claim Form, forward them to all such beneficial

owners, or (*b*) provide a list of the names and addresses of all such beneficial owners to

10

the Claims Administrator.  If the Nominee mails the Cover Letter to Investors, Individual

Notices and Claim Forms to beneficial owners, such Nominee shall, upon making such

mailing, send a statement to the Claims Administrator confirming that the mailing was

made as directed, and the Nominee shall retain the list of names and addresses for use in

connection with any possible future notice to the Class.  Upon full compliance with this

Order, including the timely mailing of the Individual Notice and Claim Form to

beneficial owners, such Nominees may seek reimbursement of their reasonable expenses

actually incurred in complying with this Order by providing the Claims Administrator

with proper documentation supporting the reasonable expenses for which reimbursement

is sought and reflecting compliance with these instructions, including timely mailing of

the Individual Notice and Claim Form.  Such properly documented reasonable expenses

incurred by Nominees in compliance with the terms of this Order shall be paid from the

funds in the Escrow Account.

      18.    The Settling Parties and their counsel may by agreement effect any

amendments to or modifications of the proposed Cover Letter to Investors, Individual

Notice, the Publication Notice, the Claim Form, and the Plan of Allocation without notice

to or approval by the Court if such changes are not materially inconsistent with this Order

and do not materially limit the rights of potential Class Members.

      19.    **Filing of Claims**.  To be entitled to participate in recovery from the Net

Settlement Fund, each Class Member shall take the following actions and be subject to

the following conditions:

11

      a.     A properly completed and executed Claim Form must be submitted to the Claims Administrator, at the Post Office Box stated in the Notice, postmarked no later than the date stated in the Claim Form (120 calendar days from the Notice Date). Such deadline may be further extended by Order of the Court.  Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided that such Claim Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Claim Form submitted in any other manner shall be deemed to have been submitted on the date that the Claims Administrator actually receives it at the address designated in the Notice.

      b.     The Claim Form submitted by each Class Member must satisfy the following conditions:  (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation that the Claims Administrator or Lead Counsel deems adequate; (*iii*) if the person executing the Claim Form is acting in a representative capacity, he or she must provide with the Claim Form a certification of his or her current authority to act on behalf of the Class Member; and (*iv*) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter in the form and must be signed under penalty of perjury.

c.      Once the Claims Administrator has considered a timely submitted Claim Form, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter, as appropriate, describing the basis for the determination and giving the claimant an opportunity to remedy any curable deficiencies.  Claimants who timely submit a Claim Form that is deficient or otherwise rejected shall be afforded a reasonable time to cure such deficiency if it shall appear that such deficiency may be curable.

d.      All claimants shall submit to the jurisdiction of the Court for all matters concerning the filing of and determinations concerning their Claim Forms.

20.     **Communications with Class Members**.  The Releasees shall maintain the right to communicate orally and in writing with FSC's and FSAM's shareholders (including potential Class Members).  To the extent that any such communications relate to the Action or the proposed Settlement, such communications shall be limited to the following:

a.      Communications between potential Class Members and representatives of the Releasees whose responsibilities include investor relations;

b.      Communications as may be necessary to implement the terms of the Settlement Agreement; and

c.      Such communications as may be made in the conduct of the Releasees' businesses, including to comply with any applicable NASDAQ requirements.

21.     **Exclusion from Class**.  All potential Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Claims Administrator.  The exclusion request must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) a statement that the potential Class Member wishes to request exclusion from the Class in "*In re Fifth Street Finance Corp. Securities Litigation*, No. 15-cv-7759 (LAK)"; (*vi*) number of shares of FSC common stock purchased or otherwise acquired or sold during the Class Period, (*vii*) price(s) paid or value at receipt, and, if sold, the sales price(s), and (*viii*) the date of each such transaction involving each share of FSC common stock.

22.     To be valid, any request for exclusion must be in writing, must contain all the required information, and must be received by the Claims Administrator no later than twenty-one (21) calendar days before the date initially set for the Fairness Hearing.

23.     If the proposed Settlement is approved, any potential Class Member who has not filed a timely and valid written request for exclusion from the Class (and his, her, or its heirs, executors, administrators, predecessors, successors, Affiliates, agents, representatives, and assigns, and anyone else purporting to act on behalf of, in the interest of, or derivatively for any of the foregoing persons or entities) shall be bound by the Release in the Settlement Agreement and by all proceedings, orders, and judgments in the Action, whether favorable or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration, or other proceeding, or has any other

Claim, against any or all of the Releasees relating to any of the Released Plaintiff's Claims.

24.     At or before the Fairness Hearing, the Settling Parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely requested exclusion from the Class.  Persons requesting exclusion from the Class shall not be entitled to receive any payment in connection with the proposed Settlement.

25.     **Objections**.  Any Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including the Plan of Allocation and/or the request for attorneys' fees and expenses, must serve on Lead Counsel and Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.

26.     Each objection must include the name and docket number of this case (as set out at the top of this Order) and must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of FSC common stock purchased or otherwise acquired or sold during the Class Period, (*vi*) price(s) paid or value received, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each share of FSC common stock, and (*viii*) account statements verifying all such transactions.

27.    All such objections – whether sent by mail, express delivery, hand

delivery, or otherwise – must be received by the Court and by Lead Counsel and

Defendants' Counsel at least twenty-one (21) calendar days before the date initially set

for the Fairness Hearing.  Objections should be sent or delivered to the following

addresses:

     a.    The Court:

          Clerk of Court
          United States District Court for the Southern District of New York
          United States Courthouse
          500 Pearl Street
          New York, NY  10007

     b.    Lead Counsel:

          Joel H. Bernstein, Esq.
          Labaton Sucharow LLP
          140 Broadway
          New York, NY  10005

     c.    Defendants' Counsel:

          Ralph C. Ferrara, Esq.
          Proskauer Rose LLP
          1001 Pennsylvania Avenue, N.W.
          Suite 600 South
          Washington, DC  20004

28.    If a Class Member hires an attorney (at his, her, or its own expense) to

represent him, her, or it for purposes of objecting, such attorney must serve a notice of

appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the

addresses set out above) so that it is received no later than twenty-one (21) calendar days

before the date initially set for the Fairness Hearing.

29.     Any Class Member who does not make an objection in the time and manner provided in the Individual Notice and this Order shall be deemed to have waived such objection, shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment, and shall be foreclosed forever from making any objection to the fairness or adequacy of the proposed Settlement unless otherwise allowed by the Court.

30.     Potential Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement.

31.     **Appearance at Fairness Hearing**. Any Class Member may appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense to speak about the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement; *provided* that any such Class Member or his, her, or its attorney intending to appear at the Fairness Hearing must file and serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Class Member (and, if applicable, of the Class Member's attorney).  Such notice of intention to appear must be received by Lead Counsel, Defendants' Counsel, and the Court, at the addresses set forth above, by no later than twenty-one (21) calendar days before the date initially set for the Fairness Hearing. Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

32.    Any Class Member who wishes to appear at the Fairness Hearing in order to object to the proposed Settlement and/or the related relief must also comply with the provisions of paragraphs 25 through 30 above.

33.    **Preliminary Injunction**.  Pending final determination of whether the proposed Settlement should be approved:

a.    Plaintiff and all other Class Members (and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Plaintiff's Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Action;

b.    All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the

Releasees, if such other lawsuit is based on or related in any way to the Released

Plaintiff's Claims, including the claims and causes of action, or the facts and

circumstances relating thereto, in the Action; and

      c.    All Defendants, and anyone else purporting to act on behalf of, for

the benefit of, or derivatively for any of such persons or entities, are preliminarily

enjoined from commencing, prosecuting, intervening in, or participating in any claims or

causes of action relating to the Defendants' Mutually Released Claims or the Released

Defendants' Claims.

      34.    **Filing of Papers**.  All papers in support of the proposed Settlement and

the related relief shall be filed and served as set forth below:

      a.    Any motions for final approval of the proposed Settlement and

Plan of Allocation and any motions for an award of attorneys' fees and expenses must be

filed no later than thirty-five (35) calendar days before the date initially set for the

Fairness Hearing.

      b.    Any oppositions to any motions for final approval of the proposed

Settlement or the Plan of Allocation and/or for attorneys' fees and expenses – and any

objections to the proposed Settlement or the Plan of Allocation and/or the request for

attorneys' fees and expenses – must be filed with the Court and received by Lead

Counsel and Defendants' Counsel, at the addresses set out above, no later than twenty-

one (21) calendar days before the date initially set for the Fairness Hearing.

      c.    Any reply papers in support of final approval of the proposed

Settlement, the Plan of Allocation, and/or an award of attorneys' fees and expenses, and

any responses to objections or oppositions, must be filed and served no later than

seven (7) calendar days before the Fairness Hearing.

35.    **Qualified Settlement Fund.**  The Settlement Fund and the Net Settlement

Fund shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in

accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

36.    **Termination of Settlement**.  This Order shall become null and void, and

shall be without prejudice to the rights of the Settling Parties, all of whom shall be

restored to their respective positions existing as of July 6, 2016, if (*i*) the proposed

Settlement is not finally approved by the Court, or does not become Final, pursuant to the

terms of the Settlement Agreement or (*ii*) the proposed Settlement is terminated in

accordance with the terms of the Settlement Agreement or does not become effective as

required by the terms of the Settlement Agreement for any other reason.  In such event,

the Settlement Agreement shall become null and void and of no further force and effect

in accordance with its terms, and it shall not be used or referred to for any purpose

whatsoever.

37.    **Use of Order**.  This Order shall be of no force or effect if the proposed

Settlement does not become Final.  This Order shall not be construed or used as an

admission, concession, or declaration by or against the Releasees of any fault,

wrongdoing, breach, or liability.  Nor shall this Order be construed or used as an

admission, concession, or declaration by or against Plaintiff or the other Class Members

that their claims lack merit or that the relief requested in the Complaint is inappropriate,

improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it might have.

38.     **Sharing of Papers.** Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

39.     **Potential Continuance of Fairness Hearing**. The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members.

40.     **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: New York, New York
        Nov. 7, 2016

_____
Lewis A. Kaplan
United States District Judge

21

# Exhibit 1

**TWO SEPARATE SETTLEMENTS OF
CLASS ACTIONS INVOLVING FIFTH STREET COMPANIES**

**Please read this cover letter carefully before reading the enclosed materials**

Dear Investor,

You are receiving the enclosed notice because you might have purchased common stock of **Fifth Street Finance Corp. (Ticker: FSC)** during the period from July 7, 2014 through February 6, 2015.  The enclosed notice describes a proposed settlement of a class action filed on behalf of persons who purchased **FSC common stock** during that period.

There is also a **separate settlement** of a class action brought on behalf of purchasers of the common stock of **Fifth Street Asset Management Inc. (Ticker: FSAM)** pursuant or traceable to the Registration Statement issued in connection with FSAM's initial public offering beginning in October 2014.  The FSAM Settlement is completely different from the FSC settlement, with a different notice, a different claim form and different lawyers for the Settlement Class.

Notices concerning the FSAM settlement are also being mailed.  If you purchased FSAM shares but did not receive a separate notice about the FSAM settlement, you should contact the Claims Administrator for the FSAM settlement at the phone number, email address, or website given below.

Because the proposed settlements of the FSC class action and the FSAM class action are independent of each other, you will need to make **separate decisions about each settlement** if you are a member of the class in each case , and--if you decide to participate in both--would need to submit **separate claim forms**.

For more information about the proposed **FSC settlement**, you may contact the Claims Administrator, A.B. Data, Ltd., by toll-free telephone number (_____) or email (info@FSCSecuritiesSettlement.com), or visit the FSC settlement website, www.FSCSecuritiesSettlement.com.

For more information about the proposed **FSAM settlement**, you may contact the Claims Administrator, A.B. Data, Ltd., by toll-free telephone number (_____) or email (info@FSAMSecuritiesSettlement.com), or visit the FSAM settlement website, www.FSAMSecuritiesSettlement.com.

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————x
                                              :
**IN RE FIFTH STREET FINANCE CORP.**          :
**SECURITIES LITIGATION**                     :   **Case No. 15-cv-7759 (LAK)**
                                              :
———————————————————————        :
                                              :
**This Matter Relates To:**                   :
                                              :
**All Actions**                               :
                                              :
                                              :
———————————————————————x

### NOTICE OF: (1) PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION; (2) MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND (3) HEARING ON PROPOSED SETTLEMENT

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Your rights may be affected by a class action (the "Action") pending in this Court if you purchased or otherwise acquired common stock of Fifth Street Finance Corp. ("FSC") during the period from July 7, 2014 through February 6, 2015, inclusive (the "Class Period").

**NOTICE OF SETTLEMENT:**  Lead Plaintiff Oklahoma Police Pension and Retirement System, on behalf of the Class, has reached a proposed settlement (the "Settlement") with defendants FSC, Fifth Street Asset Management Inc. ("FSAM"), Leonard M. Tannenbaum, Bernard D. Berman, Alexander C. Frank, Todd G. Owens, Ivelin M. Dimitrov, and Richard A. Petrocelli (collectively, "Defendants") to resolve all claims asserted in the Action.  The Settlement calls for Defendants to pay $14,050,000 for the benefit of the Class.

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  If you are a Class Member, your legal rights will be affected whether you act or not.  Please read this Notice carefully!**

> **This Notice *does not* apply to a separate settlement on behalf of shareholders of FSAM.  Please read the enclosed cover letter if you purchased shares of FSAM in addition to or instead of shares of FSC.  You may be entitled to a recovery in the FSAM settlement.**

1.  **Description of the Lawsuit and Class:**  The Action is a securities class action filed against FSC and the Defendants.  Plaintiff and Defendants have reached an agreement to settle the Action, subject to Court approval.  The proposed Settlement, if approved, will provide relief to all persons and entities who purchased FSC common stock during the Class Period and who qualify for a distribution under the Plan of Allocation described below.

2.  **Statement of Class's Recovery:**  The proposed Settlement provides for a payment of $14,050,000 in cash (the "Settlement Amount"), which will be deposited into an Escrow Account.  The Net Settlement Fund (meaning the Settlement Amount plus any interest that accrues, minus taxes, notice and administrative costs, and attorneys' fees and litigation expenses awarded to counsel representing Plaintiff and the Class) will be distributed in accordance with the Plan of Allocation approved by the Court for determining how the Net Settlement Fund will be allocated among the Class Members.  The proposed Plan of Allocation is included in this Notice.  (See paragraphs 23 to 35, below.)  Plaintiff's damages consultant estimates that approximately 40.9 million shares of FSC common stock might have been affected by the conduct alleged in the Action.  If all Class Members choose to participate in the Settlement, the average per-share recovery from the Net Settlement Fund will be approximately $0.34 per affected share before the deduction of attorneys' fees, costs, and expenses as approved by the Court.

3.  **Statement of Potential Outcome of Case:**  Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if Plaintiff were to prove its claims.  Defendants would expressly deny that any shares of FSC common stock were damaged as alleged.  Instead, Defendants would contend that the price of FSC common stock was not inflated by any allegedly false or misleading public statements and that the price decline alleged in the Action did not result from any misconduct.

4.  **Statement of Attorneys' Fees and Litigation Expenses Sought:**  Lead Counsel (Labaton Sucharow LLP) will ask the Court for (*i*) an award of attorneys' fees of not more than 25% of the Settlement Fund, or $3,512,500, and (*ii*) litigation expenses not to exceed $500,000, with all amounts to be paid from the Settlement Fund.  In addition, Plaintiff may seek reimbursement of its time and expenses, including lost wages, of not more than $5,000.  If the Court approves Lead Counsel's application, the average cost per affected share will be approximately $0.10.

5.  **Reasons for Settlement:**  Plaintiff believes that its claims have merit and that it would prevail at trial. Defendants believe that the claims are without merit and that Plaintiff would lose at trial.  Nevertheless, the parties have agreed to settle the case to avoid the risks, burdens, and expense of continued litigation, to provide relief to the Class, and to end the Action.

6.  **Identification of Lawyers' Representatives:**  Plaintiff and the Class are being represented by Labaton Sucharow LLP, the Court-appointed Lead Counsel.  Any questions about the Settlement should be sent to Labaton Sucharow LLP at the address and telephone number given below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM** | This is the only way to be eligible for a payment.  If you want to obtain a payment as a Class Member, you must submit a Claim Form (included with this Notice) *postmarked or received* **no later than _____, 2016. You can also visit www.FSCSecuritiesSettlement.com to obtain, complete, and file a Claim Form online.** |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION *RECEIVED* NO LATER THAN _____, 2016** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Defendants and the other Releasees concerning the claims in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS *RECEIVED* NO LATER THAN _____, 2016** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON _____, 2016, AT _____ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR, *RECEIVED* NO LATER THAN _____, 2016** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |
| **DO NOTHING** | Get no payment.  Remain a Class Member.  Give up your rights. |

INQUIRIES:  Please do not contact the Court about this notice.  All inquiries about this Notice, the Claim Form, or anything else should be directed to the Claims Administrator or Lead Counsel:

<table>
<tr><td align="center"><b>FSC Securities Settlement</b><br>c/o A.B. Data, Ltd.<br>P.O. Box _____<br>Milwaukee, WI  53217</td><td align="center">Tel.: _____<br>info@FSCSecuritiesSettlement.com<br>www.FSCSecuritiesSettlement.com</td></tr>
</table>

**Labaton Sucharow LLP**
Joel H. Bernstein
140 Broadway
New York, NY 10005

Tel.: 888-219-6877
settlementquestions@labaton.com
www.labaton.com

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ................................................................................ Page __

What Is This Case About?  What Has Happened So Far? .................................... Page __

How Do I Know Whether I Am Affected By The Settlement? ............................. Page __

Why Have Defendants Agreed To The Settlement? ............................................. Page __

Why Has Plaintiff Agreed To The Settlement? ................................................... Page __

What Might Happen Without A Settlement? ........................................................ Page __

How Much Will My Payment Be? ....................................................................... Page __

What Rights Am I Giving Up By Agreeing To The Settlement? ......................... Page __

What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? ... Page __

How Do I Participate In The Settlement?  What Do I Need To Do? .................... Page __

What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? ... Page __

When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  Can I Object To The Settlement?  May I Speak At The Hearing If I Don't Like The Settlement? ................................................................................. Page __

What If I Bought Shares On Someone Else's Behalf? ........................................ Page __

Can I See The Court File?  Whom Should I Contact If I Have Questions? .......... Page __

| WHY DID I GET THIS NOTICE? |
|---|

7.   This Notice is being sent to you by order of the United States District Court for the Southern District of New York (the "Court"), because you or someone in your family may have purchased FSC common stock during the Class Period (July 7, 2014 through February 6, 2015).  As a potential Class Member, you should know about your options and how a class action and a class-action settlement may affect your legal rights.

8.   A class action is a type of lawsuit filed by a person or entity called a "plaintiff" against the "defendants" (FSC and others).  A class action asks the court to resolve the claims of a number of persons and entities together, to provide consistency and efficiency.  The court selects one or more people, known as "class representatives" or "lead plaintiffs," to sue on behalf of all people with similar claims (the "class" or the "class members").  Once the class is certified, the court resolves all issues on behalf of the whole class, except for any persons who exclude themselves from the class.

9.   In this Action, which is known as *In re Fifth Street Finance Corp. Securities Litigation*, the Court has appointed Oklahoma Police Pension and Retirement System as "Lead Plaintiff" and Labaton Sucharow LLP as "Lead Counsel" under a federal law governing this type of lawsuit.

10. This Notice explains the Action, the proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The Notice tells you how you might be affected by the Action and how you can exclude yourself from the Class.  The Notice also describes the hearing that the Court will hold to consider the fairness, reasonableness, and adequacy of the proposed Settlement (the "Fairness Hearing").

11. The Fairness Hearing will be held on _____, 2017, at _____ __.m., before United States District Judge Lewis A. Kaplan, at the United States District Court for the Southern District of New York, located at 500 Pearl Street, Courtroom 21B, New York, New York 10007.  At the hearing, the Court will determine:

(i)   whether the proposed Settlement is fair, reasonable, and adequate and should be approved, and whether the claims against the Defendants should be dismissed with prejudice and a permanent injunction entered;

(ii)   whether the proposed Plan of Allocation is fair and reasonable and should be approved; and

(iii)   whether Lead Counsel's request for attorneys' fees and litigation expenses should be approved.

12. This Notice does not express the Court's opinion about the merits of any claims in the Action, and the Court has not yet decided whether to approve the proposed Settlement.  If the Court approves the Settlement, payments will be made after any appeals have been resolved and all claims have been processed.  Please be patient.

> ### WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13. FSC is a publicly traded Connecticut-based business-development company.

14. Starting in October 2015, three class actions were filed by purchasers of FSC common stock alleging violations of the federal securities laws.  On February 1, 2016, the Court appointed the Lead Plaintiff and Lead Counsel.

15. On April 1, 2016, Plaintiff filed an amended complaint (the "Complaint") asserting claims under the Securities Exchange Act of 1934.  The Complaint contends that, during the Class Period, Defendants made materially false statements and/or omitted material facts about FSC's financial condition.  Plaintiff alleges that Defendants engaged in a scheme to inflate FSC's assets and investment income in order to increase the revenue of FSC's investment adviser, Fifth Street Asset Management Inc. ("FSAM"), before FSAM's initial public offering at the end of October 2014.  After that offering, FSC wrote down the value of certain assets, suspended its dividend for February 2015, and reduced its future dividends.  The Complaint contends that these alleged misstatements and omissions inflated the price of FSC's common stock during the Class Period.

16. Defendants moved to dismiss the Complaint on May 31, 2016.  The parties then engaged in settlement discussions – with the assistance of a mediator (a retired California Superior Court Judge) – and were able to reach the proposed Settlement described here.

> ### HOW DO I KNOW WHETHER I AM AFFECTED BY THE SETTLEMENT?

17. If you are a member of the Class, you are subject to the Settlement unless you timely and validly ask to be excluded from it.  The Class consists of all persons and entities (or legal beneficiaries) who purchased or otherwise acquired FSC common stock during the period from July 7, 2014 through February 6, 2015, inclusive.

18. The Class does *not* include:  (*i*) all Defendants, any other individuals who were officers or directors (as determined under section 16 of the Exchange Act) of FSC or FSAM during the Class Period, Family Members of any of the foregoing, and their legal representatives, trustees, administrators, heirs, successors, or assigns, and any entity in which any Defendant had a Controlling Interest during the Class Period; (*ii*) persons or entities who submit timely and valid requests for exclusion from the Class; and (*iii*) persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees and released the Releasees from any further Claims concerning their purchase or other acquisition of FSC common stock during the Class Period.

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR ARE ENTITLED TO RECEIVE MONEY FROM THE SETTLEMENT.  IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM ENCLOSED WITH THIS NOTICE.  THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED NO LATER THAN _____, __ 2016.**

> ### WHY HAVE DEFENDANTS AGREED TO THE SETTLEMENT?

19. Defendants deny that they engaged in any wrongdoing, violated any law, or breached any duty, and deny that the claims in the Complaint have any merit.  Defendants believe that they have substantial defenses to all of

those claims and would prevail at trial.  Nevertheless, Defendants decided that settling the Action would be better than continuing to litigate, because a settlement would bring to an end the substantial expenses, burdens, and uncertainties of litigation, avoid further disruption of FSC's and FSAM's management and operations, and provide benefits to Class Members.  The Settlement is not evidence of or an admission by Defendants of any fault or liability whatsoever, or of any weakness in any defenses that they have asserted or would assert in the Action.

| WHY HAS PLAINTIFF AGREED TO THE SETTLEMENT? |
| --- |

20. Plaintiff and Lead Counsel believe that the claims have merit and that Plaintiff would prevail at trial.  But Plaintiff and Lead Counsel also recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, the difficulties in establishing liability in complex actions such as this one, and the difficulties in collecting money even after a judgment.

21. The proposed Settlement would provide guaranteed cash compensation to eligible Class Members.  In light of the risks and expenses of continued litigation, the cash Settlement Amount, and the immediacy of recovery to the Class, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Class.  Plaintiff and Lead Counsel also recognize the risk that continued litigation of the claims in the Action could produce a similar or smaller recovery – or potentially no recovery at all – after motions to dismiss, summary judgment, trial, and appeals, possibly years in the future.

| WHAT MIGHT HAPPEN WITHOUT A SETTLEMENT? |
| --- |

22. If there were no Settlement, and if Plaintiff failed to establish any essential legal or factual element of its claims, neither Plaintiff nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class would likely recover substantially less than the relief provided in the proposed Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

### THE PROPOSED PLAN OF ALLOCATION:  GENERAL PROVISIONS

23. As discussed above, the Settlement provides $14,050,000 in cash for the benefit of the Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The "Net Settlement Fund" is the Settlement Fund after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administrative Expenses, Tax Expenses, and any other fees or expenses approved by the Court.  The Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that show Recognized Claims pursuant to the Plan of Allocation and are approved by the Court.

24. The Net Settlement Fund will not be distributed unless and until the Court has approved the proposed Settlement and the Plan of Allocation (or some other allocation plan) and the Court's approval becomes "final" (meaning that the time to appeal the Order granting approval has expired, or, if the Order is appealed, that the appeal is decided without causing a material change in the Order or that the Order is upheld on appeal and is no longer subject to any further type of appellate review).  The Plan of Allocation is separate from the Settlement, so any decision by the Court concerning the Plan of Allocation will not affect the validity or finality of the Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Class Members.  Any orders about a modification of the Plan of Allocation will be posted to the Settlement website www.FSCSecuritiesSettlement.com.

25. Payments under the Court-approved Plan of Allocation will be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiff, Lead Counsel, Defendants, Defendants' counsel, the Claims Administrator, or anyone else arising from distributions made substantially in accordance with the Settlement Agreement, the Plan of Allocation, or the Court's Orders.

26. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: The formulas set forth herein are not intended to estimate either the amount that a Class Member might have been able to recover after a trial or the amount that will be paid to Authorized Claimants under the Settlement. The formulas are simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants. Each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, the Authorized Claimant's *pro rata* share). The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment would be $10.00 or greater, given the fees and expenses associated with printing and mailing payments.

27. The Plan of Allocation is designed to distribute the settlement proceeds fairly to those Class Members who suffered economic loss as a result of the alleged fraud, as opposed to loss caused by general market conditions or other non-fraud-related factors. The Plan reflects analyses conducted by Plaintiff's damages consultant. In order to have a compensable loss, FSC common stock must have been purchased or otherwise acquired during the Class Period and been held through an alleged corrective disclosure.

28. If any of the Net Settlement Fund remains (because of uncashed checks or otherwise) six (6) months after the initial distribution of such funds, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their initial distribution checks, such monies shall be (*i*) used for the payment of any unpaid Notice and Administrative Expenses and the costs or fees to be incurred in a redistribution of the remaining funds and then (*ii*) distributed in an economical fashion to Authorized Claimants who have cashed their initial distribution checks. If any funds remain in the Escrow Account after such redistribution(s), or if any such redistribution is not economically feasible, the unpaid residue shall be given to a nonprofit organization to be designated by Plaintiff and approved by the Court and by FSC (whose approval will not be unreasonably withheld).

## THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:

29. The Claims Administrator will calculate a "Recognized Loss Amount" for each purchase or acquisition of FSC common stock during the Class Period listed in the Class Member's Claim Form and for which adequate documentation is provided. The Recognized Loss Amount will depend upon several factors, including (*i*) when the shares were purchased or acquired and (*ii*) whether they were held until the conclusion of the Class Period or sold during the Class Period, and, if so, when they were sold.

30. For each share of FSC common stock purchased or otherwise acquired during the period between July 7, 2014 through February 6, 2015, inclusive, a Recognized Loss Amount will be calculated by the Claims Administrator as the number of shares purchased multiplied by:

i)   if shares are sold on or before February 6, 2015, $0.00 per share; or

ii)  if shares are held as of the close of trading on February 6, 2015, the lesser of (but not less than zero):

    a.  $1.30 per share; or
    b.  the difference between purchase price paid (excluding all fees, taxes, and commissions) per share and:
        i.  if the shares are sold between February 9, 2015 and May 8, 2015, the PSLRA rolling average price on the date of sale as set forth in Table A below; or

        ii. if the shares are held as of the close of trading on May 8, 2015, the PSLRA 90-day look-back price of $7.12 per share.[1]

---

[1]      Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period

**Table A**
**PSLRA Rolling Average Prices**

| Date | Price | Date | Price | Date | Price |
|------|-------|------|-------|------|-------|
| 2/9/2015 | $7.22 | 3/11/2015 | $7.13 | 4/10/2015 | $7.13 |
| 2/10/2015 | $7.09 | 3/12/2015 | $7.13 | 4/13/2015 | $7.13 |
| 2/11/2015 | $7.01 | 3/13/2015 | $7.12 | 4/14/2015 | $7.13 |
| 2/12/2015 | $7.04 | 3/16/2015 | $7.12 | 4/15/2015 | $7.13 |
| 2/13/2015 | $7.07 | 3/17/2015 | $7.11 | 4/16/2015 | $7.13 |
| 2/17/2015 | $7.10 | 3/18/2015 | $7.11 | 4/17/2015 | $7.13 |
| 2/18/2015 | $7.11 | 3/19/2015 | $7.11 | 4/20/2015 | $7.13 |
| 2/19/2015 | $7.13 | 3/20/2015 | $7.11 | 4/21/2015 | $7.13 |
| 2/20/2015 | $7.14 | 3/23/2015 | $7.11 | 4/22/2015 | $7.12 |
| 2/23/2015 | $7.14 | 3/24/2015 | $7.11 | 4/23/2015 | $7.13 |
| 2/24/2015 | $7.14 | 3/25/2015 | $7.11 | 4/24/2015 | $7.13 |
| 2/25/2015 | $7.14 | 3/26/2015 | $7.12 | 4/27/2015 | $7.13 |
| 2/26/2015 | $7.14 | 3/27/2015 | $7.12 | 4/28/2015 | $7.12 |
| 2/27/2015 | $7.14 | 3/30/2015 | $7.12 | 4/29/2015 | $7.12 |
| 3/2/2015 | $7.13 | 3/31/2015 | $7.13 | 4/30/2015 | $7.12 |
| 3/3/2015 | $7.13 | 4/1/2015 | $7.13 | 5/1/2015 | $7.13 |
| 3/4/2015 | $7.14 | 4/2/2015 | $7.13 | 5/4/2015 | $7.13 |
| 3/5/2015 | $7.14 | 4/6/2015 | $7.13 | 5/5/2015 | $7.12 |
| 3/6/2015 | $7.14 | 4/7/2015 | $7.13 | 5/6/2015 | $7.12 |
| 3/9/2015 | $7.14 | 4/8/2015 | $7.13 | 5/7/2015 | $7.12 |
| 3/10/2015 | $7.13 | 4/9/2015 | $7.13 | 5/8/2015 | $7.12 |

31. For each share of FSC common stock purchased or otherwise acquired during the period from July 7, 2014 through February 6, 2015, inclusive, an Out-of-Pocket Trading Loss (or Gain) will also be calculated by the Claims Administrator as the number of shares purchased multiplied by:

    (a)      if shares are sold on or before February 6, 2015, $0.00 per share; or

    (b)      if shares are held as of the close of trading on February 6, 2015, the difference between purchase price paid (excluding all fees, taxes and commissions) and the closing price of $7.22 on February 9, 2015.

32. For purposes of calculating your Recognized Claim, all purchases, acquisitions, and sales shall be matched on a First In, First Out ("FIFO") basis in chronological order. Therefore, on the Claim Form enclosed with this Notice, you must provide all of your purchases and acquisitions of FSC common stock during the time period from July 7, 2014 through February 6, 2015, inclusive.

33. For purposes of calculating your Recognized Claim, the date of purchase, acquisition, or sale – not the "settlement" or "payment" date – is the "contract" or "trade" date. The receipt or grant of FSC stock by gift, inheritance, or operation of law shall not be deemed a purchase, acquisition, or sale of FSC stock for the calculation of Recognized Claims. The covering purchase of a short sale is not an eligible purchase. Options are not eligible securities.

34. To the extent a claimant had an Out-Of-Pocket Trading Gain from his, her, or its overall transactions in FSC common stock during the Class Period, the value of the Recognized Claim will be zero, and the claimant will

---

beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

not be entitled to a share of the Net Settlement Fund.  To the extent that a claimant suffered an Out-Of-Pocket Trading Loss on his, her, or its overall transactions in FSC common stock during the Class Period, but that trading loss was less than the Recognized Loss Amounts calculated above, the Recognized Claim shall be limited to the amount of the claimant's actual Out-Of-Pocket Trading Loss.  A Recognized Claim that calculates to yield a negative number is treated as a Recognized Claim of zero.

35. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, shall be released and discharged from any and all claims arising out of such involvement, and all Class Members – whether or not they are to receive payment from the Net Settlement Fund – will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

36. If the Court approves the Settlement, it will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will say that, as of the Final Settlement Date, Plaintiff and all other Class Members are deemed to have – and by operation of the Judgment shall have – fully, finally, and forever released, relinquished, settled, and discharged any and all "Released Plaintiff's Claims," including "Unknown Claims," against the Releasees and any claims or potential claims that were, could have been, or could be asserted in connection with the Released Plaintiff's Claims.

37. "Released Plaintiff's Claims" means (in summary) every Claim that Plaintiff or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in any complaint filed in the Action or in any action consolidated into it) or (*ii*) could have asserted or could assert against any of the Releasees in connection with the facts and circumstances alleged in the Action, whether arising under any federal, state, or other statutory or common law rule, in any court, tribunal, agency, or other forum, that both (A) arises out of or relates to the purchase or other acquisition of FSC common stock during the Class Period, or any other Investment Decision concerning FSC common stock during the Class Period, and (B) relates directly or indirectly to (*1*) the valuation of any of FSC's investments, investment decisions concerning FSC's portfolio and the due diligence undertaken in connection with those decisions, FSC's investment strategy, decisions whether to place any of FSC's investments on non-accrual status, decisions whether to impair or write down any of FSC's investments and the timing and amount of any write-downs or impairments, recognition of revenue from any of FSC's investments, the renegotiation or modification of any of the terms of FSC's investments, decisions concerning FSC's payment of dividends, FSC's advisory and administration arrangements with its investment advisor and administrator, accounting decisions as to any of FSC's investments, the performance or risk of FSC's investments, FSC's governance and internal controls, policies, processes and procedures relating to issues raised in the Complaint, and/or (*2*) any alleged statements about or characterizations of – or alleged failures to disclose information about – any of the foregoing matters.  An "Investment Decision" is any decision about an investment in FSC common stock during the Class Period, including a decision to hold those shares.  The complete definition of Released Plaintiff's Claims is printed in the Claim Form.  You should read it carefully.

38. The term "Releasee," which is also printed in full in the Claim Form, includes FSC, FSAM, and their past and present officers, directors, employees, and agents, as well as related persons and entities.

39. The Judgment will also state that Releasees will be deemed to have – and by operation of the Judgment shall have – fully, finally, and forever released, relinquished, settled, and discharged all claims, whether known or unknown, that Releasees have or could have asserted, or could assert, against Plaintiff, Plaintiff's lawyers, and/or any of their agents, if such claims arise out of or relate in any way to the institution, prosecution, or settlement of the Action, except claims relating to the enforcement of the Settlement.  In addition, Defendants will release all Defendants' Mutually Released Claims that any Defendant could otherwise have asserted directly or derivatively against any other Defendant.

40. Defendants will also ask the Court to enter "bar orders" barring any person or entity from suing the Releasees – and barring the Releasees from suing any other person or entity – for contribution, indemnification, and any other injury that relates to a Released Plaintiff's Claim and arises from the barred person's or entity's alleged liability to the Class or any Class Member.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

41. Plaintiff's counsel has not received any payment for its services or expenses in connection with the Action. Lead Counsel will therefore apply to the Court for an award of attorneys' fees from the Settlement Fund of not more than 25% of the Settlement Fund and for litigation expenses not to exceed $500,000. The Court will determine the amount of the award.

42. The requested attorneys' fees and litigation expenses will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel has committed time and expenses in litigating this case for the benefit of the Class. The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

43. As a Class Member, you are represented by Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. **You do not need to hire your own lawyer,** but, if you choose to do so, he or she must file a notice of appearance on your behalf with the Court and must serve copies of his or her notice of appearance on the attorneys listed in paragraph 56, below.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

44. If you purchased or otherwise acquired FSC common stock during the Class Period and are not excluded from the definition of the Class, and if you do not exclude yourself from the Class, then you are a Class Member. As a Class Member, you will be bound by the proposed Settlement, if the Court approves it, and by any judgment or determination of the Court affecting the Class.

45. If you are a Class Member and want to claim money from the Net Settlement Fund, you must submit a Claim Form and supporting documentation. A Claim Form is included with this Notice, or you may go to the website www.FSCSecuritiesSettlement.com to download a Claim Form or ask that one be mailed to you. You may also obtain, complete, and file a Claim Form online by _____, 2016. You may also request a Claim Form by calling _____ or e-mailing info@FSCSecuritiesSettlement.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the settlement money.

46. The Claim Form and the required documents must be sent to the address (including the email address) printed in the Claim Form and must be **received or postmarked no later than _____, 2016**. Unless the Court otherwise orders, any Class Member who fails to submit a timely Claim Form will be forever barred from receiving payments from the Settlement, but will remain a Class Member and be subject to the provisions of the Settlement Agreement and the Court's Orders and Judgment. This means that each Class Member will release the Released Plaintiff's Claims against Defendants and the other Releasees and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against Defendants regardless of whether such Class Member submits a Claim Form.

47. The Claim Form asks you to provide information and documentation about your purchases, holdings, and sales of FSC common stock before the Class Period, during the Class Period, and at the end of the Class Period. Please retain all records of your ownership of, or transactions in, FSC common stock so you can document your claim.

48. If you submit a Claim Form that is rejected in whole or in part, and if you want to dispute that decision, the Court will make a final, binding, and nonappealable decision on the dispute.

| WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF? |
| --- |

49. If you do *not* want to participate in the proposed Settlement and be bound by the rulings and judgments in this Action, you must exclude yourself from the Class.  To do so, you must submit a written Request for Exclusion by first-class mail (or its equivalent outside the U.S.) or other delivery to FSC Securities Settlement - EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box _____, Milwaukee, WI  53217.  The exclusion request must be *received* **no later than _____, 2016.**  You will not be able to exclude yourself from the Class after that date, unless the Court otherwise determines.

50. Each Request for Exclusion must (*i*) state the name, address, telephone number, and e-mail address (if available) of the person or entity requesting exclusion; (*ii*) state that such person or entity "requests exclusion from the Class in *In re Fifth Street Finance Corp. Securities Litigation*, No. 15-cv-7759 (LAK)"; (*iii*) be signed by the person or entity requesting exclusion; and (*iv*) provide the date(s), price(s), and number(s) of shares of all purchases and sales of FSC common stock during the Class Period.

51. If you want to exclude yourself from the Class, you must follow these instructions even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claims.

52. If you request exclusion from the Class, you will not receive any benefits from the proposed Settlement, and you cannot object to it.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? CAN I OBJECT TO THE SETTLEMENT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT? |
| --- |

53. The Fairness Hearing will be held on _____, 2017, at _____ _.m., before United States District Judge Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, New York 10007.   The Court reserves the right to approve the Settlement, the Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and litigation expenses at or after the Fairness Hearing without further notice to the Class.  Lead Counsel intends to file papers in support of final approval of the proposed Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses on or before _____, 2016.  The papers will be posted at www.FSCSecuritiesSettlement.com.

**54. You do not need to attend the Fairness Hearing.  You can participate in the Settlement without attending the Fairness Hearing.**

55. Any Class Member who does not submit a timely request for exclusion as described above may object to the proposed Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Objections must be in writing and must include the following information:  (*i*) name and docket number of the Action (*In re Fifth Street Finance Corp. Securities Litigation*, Case No. 15-cv-7759 (LAK)); (*ii*) Class Member's name, address, telephone number, and e-mail address (if available); (*iii*) the date(s), price(s), and number(s) of shares of all purchases and sales of FSC common stock during the Class Period; (*iv*) account statements verifying all such transactions; (*v*) the reason(s) for the objection; (*vi*) any legal support that the Class Member wants to bring to the Court's attention; and (*vii*) any evidence or exhibits that the Class Member wants the Court to consider.

56. Objections must be timely filed with the Clerk of Court at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.  Objections must also be served on the Settling Parties' counsel by first-class mail, e-mail, or hand-delivery at:

| Lead Counsel for the Class | Defendants' Counsel |
|---|---|
| Joel H. Bernstein, Esq. | Ralph C. Ferrara, Esq. |
| Labaton Sucharow LLP | Proskauer Rose LLP |
| 140 Broadway | 1001 Pennsylvania Avenue, N.W. |
| New York, NY, 10005 | Suite 600 South |
| jbernstein@labaton.com | Washington, DC  20004 |
|  | rferrara@proskauer.com |

57. All objections must be ***received*** **by the Court and the attorneys no later than _____, 2016**.

58. You may file a written objection without appearing at the Fairness Hearing.

59. If you wish to speak at the Fairness Hearing, you must also file and serve a notice of intention to appear. The notice of intention to appear must include (*i*) name and docket number of the Action (*In re Fifth Street Finance Corp. Securities Litigation*, Case No. 15-cv-7759 (LAK)); (*ii*) your name, address, telephone number, and e-mail address (if available), and (*iii*) your attorney's contact information, if you have an attorney.  You must file and serve your notice of intention to appear with the Court and the Settling Parties' counsel, at the addresses listed in paragraph 56 above, so that it is ***received*** **on or before _____, 2016.**

60. You do not need to hire an attorney to represent you in making written objections or in appearing at the Fairness Hearing.  However, if you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on the Settling Parties' counsel, at the above addresses, so that the notice is ***received*** **on or before _____, 2016**.

61. The Court may change the date of the Fairness Hearing without further written notice to the Class.  If you intend to attend the hearing, you should confirm the date and time with Lead Counsel or by checking the settlement website.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from objecting to the proposed Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and litigation expenses.  Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

62. If you purchased or otherwise acquired FSC common stock during the Class Period as a nominee or for the beneficial interest of a person or organization *other than yourself*, **YOU MUST,** WITHIN FOURTEEN (14) CALENDAR DAYS after receipt of the Individual Notice, **EITHER (A)** request from the Claims Administrator sufficient copies of the Individual Notice and Claim Form to forward to all such beneficial owners and, WITHIN FOURTEEN (14) CALENDAR DAYS after receipt of the copies of the Individual Notice and Claim Form, forward them to all such beneficial owners; **OR (B)** provide a list of the names and addresses of all such beneficial owners to FSC Securities Settlement, c/o A.B. Data, Ltd., FULFILLMENT, 3410 West Hopkins Street, P.O. Box _____, Milwaukee, WI  53217.  If you mail Individual Notices and Claim Forms to beneficial owners, YOU MUST, upon making such mailing, send a statement to the Claims Administrator confirming that the mailing was made as directed, and retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with this directive, including the timely mailing of the Individual Notices and Claim Forms to beneficial owners, you may seek reimbursement of your reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Individual Notices and Claim Forms.

63. In addition, you may download the Notice from the settlement website www.FSCSecuritiesSettlement.com, where you also can view other documents relating to the proposed Settlement.

**CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

64. This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the Action is available at the settlement website, including copies of the Settlement Agreement, the Claim Form, the Complaint, the Court's orders about the Settlement, and the relevant motion papers.  All inquiries about this Notice should be directed to:

| Claims Administrator | Lead Counsel for the Class |
|---|---|
| FSC Securities Settlement<br>c/o A.B. Data, Ltd.<br>P.O. Box _____<br>Milwaukee, WI  53217<br>Tel.:  _____<br>Email:  info@FSCSecuritiesSettlement.com<br>Website:  www.FSCSecuritiesSettlement.com | Joel H. Bernstein, Esq.<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY, 10005<br>888-219-6877<br>Settlementquestions@labaton.com<br>www.labaton.com |

**PLEASE DO *NOT* CALL OR WRITE THE COURT OR THE CLERK OF COURT ABOUT THIS NOTICE.**

Dated: _____, 2016                    By Order of the Clerk of Court
                                          United States District Court for the Southern District of New York

# Exhibit 3

**FIFTH STREET FINANCE CORP. SECURITIES SETTLEMENT**

**Case No. 15-cv-7759 (LAK) (S.D.N.Y.)**

**CLAIM FORM AND RELEASE**

**YOU MUST SUBMIT A COMPLETED CLAIM FORM THAT IS POSTMARKED OR RECEIVED BY A.B. DATA, LTD. (THE "CLAIMS ADMINISTRATOR") NO LATER THAN _____, 2016 TO BE ELIGIBLE TO SHARE IN THE SETTLEMENT.**

**IF YOU ALSO PURCHASED COMMON STOCK OF *FIFTH STREET ASSET MANAGEMENT INC.* ("FSAM") PURSUANT OR TRACEABLE TO FSAM'S REGISTRATION STATEMENT, YOU MUST SUBMIT THE FSAM CLAIM FORM AS WELL.**

**TABLE OF CONTENTS**

|  | PAGE # |
|---|---|
| SECTION I – GENERAL INSTRUCTIONS ........................................................... | 1 |
| SECTION II – CLAIMANT IDENTIFICATION. ....................................................... | 3 |
| SECTION III – TRANSACTIONS IN FSC COMMON STOCK ............................... | 4 |
| SECTION IV – RELEASE AND SIGNATURE ....................................................... | 7 |

**SECTION I -  GENERAL INSTRUCTIONS**

1.    You should read the "Notice of (1) Pendency and Proposed Settlement of Class Action; (2) Motion for Attorneys' Fees and Expenses; and (3) Hearing on Proposed Settlement" (the "Individual Notice") that accompanies this Claim Form, as well as the Plan of Allocation included in the Individual Notice.  The Individual Notice and the Plan of Allocation describe the proposed Settlement of this Action, how Class Members are affected by the Settlement, and how the Net Settlement Fund will be distributed if the Court approves the Settlement and the Plan of Allocation.  The Individual Notice also contains the definitions of many of the defined terms (shown with initial capital letters) used in this Claim Form.

2.    TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM – WITH THE REQUIRED SUPPORTING DOCUMENTATION – SO THAT IT IS RECEIVED OR POSTMARKED ON OR BEFORE _____ 2016, ADDRESSED TO:

FSC Securities Settlement
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI  53217
Tel.:  _____
info@FSCSecuritiesSettlement.com

You can also visit www.FSCSecuritiesSettlement.com to obtain, complete, and file a Claim Form online.

IF YOU DO NOT SUBMIT A TIMELY, PROPERLY ADDRESSED AND COMPLETED CLAIM FORM, YOUR CLAIM MAY BE REJECTED, AND YOU MAY BE PREVENTED FROM RECEIVING ANY SETTLEMENT MONEY.

3.    This Claim Form is directed to all persons and entities (or legal beneficiaries) who purchased or otherwise acquired FSC common stock during the period from July 7, 2014 through February 6, 2015, inclusive (the "Class Period" and the "Class").  The following persons and entities are specifically *excluded* from the Class under the terms of the Settlement Agreement:   (a) all Defendants; any other individuals who were officers or directors of FSC or Fifth Street Asset Management Inc. ("FSAM") during the Class Period; Family Members of any of the foregoing, and their legal representatives, trustees, administrators, heirs, successors, or assigns; and any entity in which any Defendant had a Controlling Interest during the Class Period; (b) persons or entities who submit timely and valid requests for exclusion from the Class; and (c) anyone who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees (defined below) and released the Releasees from any further Claims concerning their purchase or other acquisition of FSC common stock during the Class Period.

4.    "Authorized Claimant" means a Class Member who timely submits to the Claims Administrator a valid Claim Form that is approved pursuant to the terms of the Settlement Agreement.

5.    IF YOU ARE NOT A CLASS MEMBER, OR IF YOU OR SOMEONE ACTING ON YOUR BEHALF FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM.  YOU MAY NOT PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.

6.    Submission of this Claim Form does not guarantee that you will share in the Net Settlement Fund.  Distributions

from the Net Settlement Fund are governed by the Plan of Allocation, which must be approved by the Court.  The proposed Plan of Allocation is included in the Individual Notice.

7.    If you have questions about the Claim Form or need additional copies of it or of the Individual Notice, you may contact the Claims Administrator at the above address or telephone number.   You may also send your questions to info@FSCSecuritiesSettlement.com or download the documents from www.FSCSecuritiesSettlement.com.

8.    If you are a Class Member and you do not (or someone acting on your behalf does not) submit a timely request for exclusion from the Class, and if the Court approves the Settlement, you will be bound by the Court's orders and judgment whether or not you submit a Claim Form.  The proposed judgment enjoins the filing or continued prosecution of all Released Plaintiff's Claims and also releases the Releasees from Released Plaintiff's Claims (defined below), including those that are subject to pending lawsuits or arbitrations.

9.    You must submit sufficient documentation for your transactions in FSC common stock during the period July 7, 2014 through May 8, 2015.   Documentation may be photocopies of stockbrokers' confirmation slips or monthly statements (reflecting your opening and closing balances for the months that are specified on the Claim Form and in which transactions occurred during the relevant period).  **If you do not have such documents in your possession, you should obtain copies or equivalent contemporaneous documents from your broker.  The Settling Parties and Claims Administrator do not have information about your transactions.   Failure to supply this documentation could cause your claim to be rejected.  Do not send original stock certificates.**

10.   The date of covering a "short sale" is deemed to be the date of purchase of FSC common stock.  The date of a "short sale" is deemed to be the date of sale of FSC common stock.

11.   All joint purchasers must each sign this Claim Form.

12.   Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)   expressly state the capacity in which they are acting;
    (b)   identify the name, account number, Social Security number (or taxpayer identification number), address, telephone number, and e-mail address (if available) of the beneficial owner of (or other person or entity on whose behalf they are acting as to) the FSC common stock; and
    (c)   submit evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Stockbrokers cannot establish their authority to complete and sign a Claim Form by demonstrating merely that they have discretionary authority to trade stock in another person's accounts.)

13.   By submitting a signed Claim Form, you will be affirming that:

    (a)   you own(ed) the FSC common stock you have listed in the Claim Form; or
    (b)   you are expressly authorized to act on behalf of the owner of that common stock.

NOTE: Separate Claim Forms should be submitted for each separate legal entity (for example, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in non-IRA accounts).  However, a single Claim Form submitted on behalf of one legal entity should include all transactions made by that entity, no matter how many separate accounts that entity has (for example, a corporation with multiple brokerage accounts should include on one Claim Form all transactions made in FSC common stock during the Class Period, no matter how many accounts the transactions were made in).

14.   **NOTICE REGARDING ELECTRONIC FILES:**  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the settlement website at FSCSecuritiesSettlement.com, or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days after your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

IF YOU DO NOT SUBMIT A COMPLETE CLAIM BY _____ 2016, YOUR CLAIM IS SUBJECT TO REJECTION.



**Must be Postmarked or Received No Later Than _____2016**

**FSC Securities Settlement**
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI  53217
**United States of America**

**CLAIM FORM AND RELEASE**

Please Type or Print in the Boxes Below

Do NOT use Red Ink, Pencil, or Staples

**SECTION II - CLAIMANT INFORMATION**

**Claimant or Representative Contact Information:**

Last Name                                               M.I.     First Name

Last Name (Co-Beneficial Owner - If applicable)          First Name (Co-Beneficial Owner)

IRA            Joint Tenancy          Employee          Individual          Other_____

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (if Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number                          Taxpayer Identification Number

or

Telephone Number (Work)                          Telephone Number (Home)

Email Address

MAILING INFORMATION
Address

Address

City                                               State     Zip Code

Foreign Province                  Foreign Postal Code          Foreign Country Name/Abbreviation

PLACEHOLDER FOR PROCESSING ONLY BAR

3

## SECTION III – TRANSACTIONS IN FSC COMMON STOCK

### YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW

1. **BEGINNING HOLDINGS:** State the number of shares of FSC common stock that the Claimant owned at the close of business on **July 6, 2014**.  If none, write "zero" or "0." If other than zero, be sure to attach the required documentation.

2. **PURCHASES:** List all purchases of FSC common stock during the period **July 7, 2014** through and including **February 6, 2015**.  (NOTE:  If you acquired your FSC common stock during this period other than by an open-market purchase, please provide a complete description of the terms of the acquisition on a separate page.)  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Total Purchase Price (excluding commissions, transfer taxes, or other fees) | Proof of Purchase Enclosed (Y/N) |
|---|---|---|---|
| 1.    /    / | | $          . 0 0 | ☐Y ☐N |
| 2.    /    / | | $          . 0 0 | ☐Y ☐N |
| 3.    /    / | | $          . 0 0 | ☐Y ☐N |

3. **SALES:** List all sales of FSC common stock during the period **July 7, 2014** through and including **May 8, 2015**.  Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Total Sales Price (excluding commissions, transfer taxes, or other fees) | Proof of Sales Enclosed (Y/N) |
|---|---|---|---|
| 1.    /    / | | $          . 0 0 | ☐Y ☐N |
| 2.    /    / | | $          . 0 0 | ☐Y ☐N |
| 3.    /    / | | $          . 0 0 | ☐Y ☐N |

4. **UNSOLD HOLDINGS:** State the number of shares of FSC common stock that the claimant owned at the close of business on **May 8, 2015**. Be sure to attach the required documentation.

*If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.*
YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.  FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

## SECTION IV - RELEASE AND SIGNATURE

### I.      Definitions

Capitalized terms not already defined in this form have the following meanings.  Other defined terms have the meanings given them in the Stipulation of Settlement dated as of July 27, 2016 (the "Settlement Agreement").

"**Defendants' Mutually Released Claims**" means each and every Claim arising out of or relating to any or all of the acts, failures to act, omissions, misrepresentations, facts, events, matters, transactions, occurrences, or oral or written statements or representations during the Class Period that were or could have been alleged under the facts and circumstances pled in the Action (including in the Complaint and the original complaints filed in the Action), including the matters described in the definition of Released Plaintiff's Claims; *provided, however,* that the term "Defendants' Mutually Released Claims" shall not apply to (*i*) any right to indemnification or advancement under any statute, charter, bylaw, or contract, (*ii*) any other contractual rights between or among Defendants, and (*iii*) any claims asserted in the FSC Derivative Actions.

"**Final Order**" is the Order of Dismissal to be entered by the Court upon approval of the Settlement, as contemplated by the Settlement Agreement, dismissing the Action with prejudice and without costs to any Releasee (except to the extent awarded by the Court), releasing all Released Plaintiff's Claims as against the Releasees, and enjoining Class Members from instituting, continuing, or prosecuting any action asserting any Released Plaintiffs' Claims against any Releasee.

"**Released Defendants' Claims**" means each and every Claim that has been, could have been, or could be asserted in the Action or in any other proceeding by any Releasee, including any Defendant or the successors and assigns of any Defendant, against Plaintiff, any other Class Members, or their attorneys (including Lead Counsel), that arises out of or relates in any way to the institution, prosecution, or settlement of the Action, except for claims to enforce the Settlement.

"**Released Plaintiff's Claims**" means each and every Claim that Plaintiff or any other Class Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in any complaint filed in the Action or in any action consolidated into it) or (*ii*) could have asserted or could assert against any of the Releasees in connection with the facts and circumstances alleged in the Action, whether arising under any federal, state, or other statutory or common-law rule, in any court, tribunal, agency, or other forum, that both (A) arises out of or relates to the purchase or other acquisition of FSC common stock during the Class Period, or any other Investment Decision concerning FSC common stock during the Class Period, and (B) relates directly or indirectly to the matters described in Subsections a.-s. below and/or any alleged statements about or characterizations of – or alleged failures to disclose information about – any of those matters, including with respect to both Subsections (i) and (ii) above:

a.    the valuation and management of FSC's investments, including the approach used in calculating the fair values of investments and the inputs used, assumptions made, and comparables and quotations relied upon, the quality checks that were conducted regarding valuation calculations, documentation concerning valuation decisions and calculations, decisions whether to write down or impair FSC's investments and the timing and amount of any investment write-downs, decisions whether to place investments on non-accrual status, decisions whether to obtain ITP valuations for particular investments, the selection of ITPs to perform such valuations, and the timing of ITP valuations of FSC's investments;

b.    the origination of investments for FSC's portfolio, including FSC's communications with and due diligence on investment sponsors, FSC's pre-investment due diligence and underwriting, the approval process for investments, and the structuring, negotiation, documentation, pricing, and terms of FSC's investments;

c.    FSC's risk management, including FSC's investment approach, the selection of its individual investments, creditor protections negotiated in connection with those investments, underwriting policies, the overall risk profile and credit quality of FSC's portfolio, and any characterizations or descriptions of those matters;

d.    FSC's leverage, including the aggregate amount of its indebtedness and the terms and structure of its various financing arrangements;

e.    the management of FSC's portfolio, including the processes used to manage the investments, the inputs into the Black Mountain platform regarding investments, the review, ranking, and rating of investments, and decisions to place investments on FSC's "Watchlist";

f.    waivers, amendments, and loan modifications effected regarding FSC's investments, including decisions regarding waivers of cash interest, conversion of loans to PIK interest, the modification of loan terms or interest rates, the provision of any additional financing to companies in which FSC had already made a debt or equity investment, the acquisition of control investments, or the sale, liquidation, or other disposal of investments;

g.    FSC's fair-value accounting and recognition of income, including its revenue recognition for original-issue discounts, accruals, accruals on contingent-payment debt instruments, PIK interest, loan-origination fee income, and other fee income;

5

h.  policies, processes, and procedures concerning the valuation of investments, portfolio management, revenue recognition, and disclosure, including FSC's Valuation Policy, Valuation Narrative, Portfolio Management Narrative, Revenue Recognition Narrative, and Disclosure Policy;

i.  decisions regarding FSC's dividends, including whether to pay dividends in any particular quarter, the amount of dividends to be paid, announcements of and statements regarding dividends, and the timing of dividend payments;

j.  FSC's investment-advisory arrangements with FSM and/or its Affiliates, including the services provided by FSM, all base, incentive, and other fees, costs, and expenses paid by FSC under the Investment Advisory Agreement ("IAA"), the provisions of the IAA, communications between FSC and its shareholders (including RiverNorth Capital Management LLC) regarding the IAA, and FSC's indemnity and advancement obligations to FSM or its Affiliates;

k.  FSC's administration arrangements with FSC CT and/or its Affiliates, including the services provided by FSC CT, all costs, fees, and expenses paid by FSC under the Administration Agreement with FSC CT, the provisions of the Administration Agreement, and FSC's indemnity and advancement obligations to FSC CT or its Affiliates;

l.  FSC's participation in any agreements, ventures, partnerships, or any similar arrangements with any of its affiliates, including any alleged conflicts of interest and FSC's waiver of any alleged conflicts;

m.  FSC's partnership with Trinity Universal Insurance Company (a subsidiary of Kemper Corporation) to establish Senior Loan Fund JV 1, LLC ("SLF JV1"), and the financial performance and income generation of SLF JV1;

n.  FSC's secondary offering of common stock announced on July 10, 2014, and the materials disseminated and statements made in connection with that offering;

o.  accounting treatment relating to investments (including the recognition of revenue) and to fees paid to FSC's investment advisor and administrator;

p.  FSC's assets, asset quality, financial condition, revenues, income (including fee income, net investment income, and PIK income), expenses, earnings per share, and other financial metrics, and auditors' comments about FSC's financial condition;

q.  FSC's governance and internal controls, including any deficiencies and weaknesses in such controls;

r.  FSC's earnings announcements and other public statements about financial results during the Class Period;

s.  FSAM's IPO, the offering's alleged impact on FSAM's, FSM's, and/or FSC CT's performance of services for FSC, and the uses of the IPO proceeds; and

t.  Releasees' statements about, characterizations of, or alleged omissions concerning any or all of the above matters, including any alleged failures to comply with Item 303 of SEC Regulation S-K.  The term "Released Plaintiff's Claims" also includes any Claim relating to the initiation, litigation, settlement, or dissemination of notice of the Action, including the payment of any settlement relief to settle the Action; provided however, that the term "Released Plaintiff's Claims" does not include any claims to enforce this Settlement Agreement or brought on behalf of FSAM stock purchasers in the FSAM Class Action.

**"Releasees"** means (a) Defendants and their Family Members, heirs, successors, representatives, agents, and assigns; (b) every entity that falls within the definition of FSC Releasees or FSAM Releasees; and (c) each of the FSC Releasees' and FSAM Releasees' respective past and present directors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys (including in-house or outside attorneys (including Defendants' Counsel) employed or retained by the FSC Releasees or the FSAM Releasees), advisors, investment bankers, trustees, administrators, fiduciaries, consultants, actuaries, representatives, accountants, accounting advisors, auditors, insurers, reinsurers, service providers, and valuation firms (including independent third-party firms).

**"Unknown Claims"** means any and all Released Plaintiff's Claims that any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasees, and any Released Defendants' Claims or Defendants' Mutually Released Claims that any Defendant does not know or suspect to exist in his or its favor, which, if known by Plaintiffs, the other Class Member, or Defendants, might have affected his, her, its, or their decision(s) concerning the Settlement.  As to any and all Released Plaintiffs' Claims, Released Defendants' Claims, and Defendants' Mutually Released Claims, the Settling Parties stipulate and agree that, upon the Final Settlement Date, Plaintiffs and Defendants shall expressly waive, and each other Class Member, Releasor, and releasee shall be deemed to have waived, and by operation of the Final Order and the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or of any other country, or any principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and the other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims, Released Defendants' Claims, and Defendants' Mutually Released Claims was separately bargained for and was a key element of the Settlement.

## II.    The Release

I (we) understand and acknowledge that, without further action by anyone, on and after the entry of the Final Order and Judgment, and upon the Final Settlement Date, I (we), as a Class Member(s) (even if I (we) have pending or later initiate any other actions, arbitrations, or other proceedings against Defendants or any related person or entity relating to Released Plaintiff's Claims), on behalf of myself (ourselves), my (our) parents, predecessors, successors, heirs, executors, administrators, successors, assigns, and any person or entity claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of me (us), for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged all Released Plaintiff's Claims against each and every one of the Releasees, including all Released Plaintiff's Claims that may already have been asserted in any pending action, arbitration, or other proceeding, and whether or not a Claim Form is executed and delivered by, or on behalf of, me (us).

### SIGNATURE AND CERTIFICATIONS

By signing and submitting this Claim Form, the Claimant or the person who represents the Claimant certifies as follows:

1. The claimant is a Class Member, as defined in the Individual Notice;

2. I (we) have read and understand the contents of the Individual Notice and the Claim Form;

3. I am (we are) not acting for FSC or FSAM; nor am I (are we) otherwise excluded from the Class;

4. I (we) have not filed a request for exclusion from the Class, and I (we) do not know of any request for exclusion from the Class filed on my (our) behalf as to my (our) transactions in FSC common stock;

5. I (we) own(ed) the FSC common stock identified in the Claim Form, or, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

6. Claimant may be entitled to receive a distribution from the Net Settlement Fund;

7. Claimant wants to participate in the Settlement described in the Individual Notice and agrees to the Settlement's terms and conditions;

8. I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for all matters related to this Claim Form;

9. I (we) agree to furnish such additional information concerning this Claim Form as the parties or the Court may require;

10. I (we) waive trial by court or jury, to the extent it exists, concerning this Claim Form and any right to appeal the determination of this Claim Form, and agree to the Court's final disposition of any disputes about the validity or amount of the claim made by this Claim Form or the amount payable to any claimant; and

11. I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above.  The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I (we) declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Claim Form are true and correct and that the documents submitted with this Claim Form are true and genuine.

Executed this _____day of _____ in _____

                                         (Month/Year)                                      (City/State/Country)

_____
(Sign your name here)

_____
(Type or print your name )

_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)

_____
(Sign your name here)

_____
(Type or print your name )

_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIM PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

REMINDER CHECKLIST:

1. Please sign the Certification Section of this Claim Form.

2. Keep a copy of your Claim Form and all submitted documentation for your records.

3. If this claim is made on behalf of joint claimants, then each claimant must sign.

4. Please remember to attach copies of supporting documents.

5. If you move, please send us your new address.

6. DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.

7. **Do not use highlighter on the Claim Form or supporting documentation**.

THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED NO LATER THAN
_____ __, 2016, AND SENT TO:

FSC Securities Settlement
c/o A.B. Data, Ltd.
P.O. Box _____
Milwaukee, WI  53217
info@FSCSecuritiesSettlement.com

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────x

**IN RE FIFTH STREET FINANCE CORP.** :
**SECURITIES LITIGATION** :      **Case No. 15-cv-7759 (LAK)**
───────────────────────────── :
 :
**This Matter Relates To:** :
 :
**All Actions** :
 :
─────────────────────────────x

**SUMMARY NOTICE OF:**
**(1) PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION;**
**(2) MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND**
<u>**(3) HEARING ON PROPOSED SETTLEMENT**</u>

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SHARES
OF **FIFTH STREET FINANCE CORP.** ("FSC") COMMON STOCK
DURING THE PERIOD FROM JULY 7, 2014 THROUGH FEBRUARY 6,
2015, INCLUSIVE (THE "CLASS PERIOD"):

YOU ARE HEREBY NOTIFIED that the above-captioned action has been

certified as a class action for settlement purposes and that the Lead Plaintiff has reached a

proposed settlement to resolve all claims in the case for $14,050,000 in cash (the

"Settlement").

The Settlement is independent of a separate settlement of a class action brought

on behalf of shareholders of Fifth Street Asset Management Inc. ("FSAM").  A separate

notice has been issued for the FSAM Settlement.

The Class in the FSC class action consists of all persons and entities who

purchased or otherwise acquired FSC common stock during the Class Period, with some

exclusions described in the full notice of the proposed Settlement (the "Notice").  If you

have not yet received the Notice, you may obtain it by contacting the Claims

Administrator at *FSC Securities Settlement*, c/o A.B. Data, Ltd., P.O. Box _____,

Milwaukee, WI 53217; telephone: _____; email: info@FSCSecuritiesSettlement.com. You may also download the Notice and other documents from: www.FSCSecuritiesSettlement.com.

A hearing will be held on _____, 2017, at _____ __.m., before United States District Judge Lewis A. Kaplan, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21B, New York, New York 10007, to determine whether the Court should (*i*) approve the proposed Settlement as fair, reasonable, and adequate, (*ii*) approve the proposed Plan of Allocation for distribution of the Settlement proceeds, and (*iii*) grant Lead Counsel's application for attorneys' fees and litigation expenses. The Court may change the date of the Fairness Hearing without further notice to the Class. If you intend to attend the hearing, you should confirm the date and time with Lead Counsel or by checking the Settlement website.

IF YOU ARE A CLASS MEMBER, YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT MONEY.

To participate in the Settlement, you must submit a **Claim Form**. You may download the Claim Form from www.FSCSecuritiesSettlement.com, or you may ask the Claims Administrator to send you a Claim Form and add you to the mailing list. You may also obtain, complete, and file a Claim Form online at FSCSecuritiesSettlement.com by _____, 2016. Completed Claim Forms must be **postmarked or received by _____, 2016**, at the Claims Administrator's address (printed above).

If you purchased or otherwise acquired FSC common stock during the Class Period, you will be deemed a Class Member unless you ask to be excluded from the

Class.  Any **requests for exclusion must be received by _____, 2016**, at the

Claims Administrator's address (printed above).  Each request for exclusion must (*i*) state

the name, address, telephone number, and e-mail address (if available) of the person or

entity requesting exclusion, (*ii*) state that such person or entity requests exclusion from

the FSC Settlement, (*iii*) be signed by the person or entity requesting exclusion, and

(*iv*) provide the date(s), price(s), and number(s) of shares of all purchases and sales of

FSC common stock during the Class Period.  You will be bound by any judgment

rendered in the class action unless you timely request exclusion from the Class as

explained in the Notice, even if you have pending or later file another lawsuit, arbitration,

or other proceeding relating to the claims covered by the Settlement.  If you submit a

valid and timely request for exclusion, you cannot share in the settlement money, cannot

object to the Settlement, and will not be bound by the Settlement or the Court's rulings.

The Notice also describes how to object to the proposed Settlement, the Plan of

Allocation, the request for attorneys' fees and litigation expenses, and/or Lead Plaintiff's

request for reimbursement of its expenses (including lost wages).  All **objections must

be received** by the Court (at the address printed above) and by the lawyers listed below

**no later than _____, 2016**:

| Lead Counsel for the Class | Defendants' Counsel |
|---|---|

| | |
|---|---|
| Joel H. Bernstein, Esq.<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY  10005<br>(212) 907-0700<br>settlementquestions@labaton.com | Ralph C. Ferrara, Esq.<br>Proskauer Rose LLP<br>1001 Pennsylvania Avenue, N.W.<br>Suite 600 South<br>Washington, DC  20004 |

Inquiries, other than requests for copies of the Notice or for inclusion in the

mailing list for future notices, may be directed to Lead Counsel for the Class.  Please do

not contact the Court or Defendants.

Dated:  _____, 2016                BY ORDER OF THE COURT

4

61626245v2