Case 1:15-cv-07759-LAK Document 114-1 Filed 02/08/17 Page 1 of 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE FIFTH STREET FINANCE CORP. SECURITIES LITIGATION** | **Case No. 15-cv-7759 (LAK)** |
| **This Matter Relates To:** | |
| **All Actions** | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 2/17/2017

**~~[PROPOSED]~~ FINAL JUDGMENT**

Consistent with the terms of the Order Approving Class-Action Settlement entered on Feb. 17, 2017 (the "Final Order"), the settlement of this class action on the terms set forth in the parties' Stipulation of Settlement dated as of July 27, 2016, including all exhibits (collectively, the "Settlement Agreement"), is approved as fair, reasonable, and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and in the best interests of the Class Members. Unless otherwise defined in this Final Judgment, the capitalized terms in this Final Judgment have the same meaning as in the Settlement Agreement.

1. The Court finally certifies the following Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3): all persons and entities (or legal beneficiaries) who purchased or otherwise acquired common stock of Fifth Street Finance Corp. ("FSC") during the period from July 7, 2014 through February 6, 2015, inclusive (the "Class Period"). Excluded from the Class are:

(a) All Defendants; any other individuals who were officers or directors (as determined under section 16 of the Exchange Act) of FSC or Fifth Street Asset Management Inc.

during the Class Period; Family Members of any of the foregoing, and their legal representatives, trustees, administrators, heirs, successors, or assigns; and any entity in which any Defendant had a Controlling Interest during the Class Period;

(b) persons or entities who submitted valid and timely requests for exclusion from the Class; and

(c) persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees and released the Releasees from any further Claims concerning their purchase or other acquisition of FSC common stock during the Class Period.

2. The Individual Notice (including the Claim Form), the Publication Notice, and the notice methodology implemented pursuant to the Court's Order entered November 10, 2016 (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed Settlement and the related relief, their right to exclude themselves from the Class, and Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court.

3. The claims in the Action are hereby dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Final Order, without costs to any party except as provided therein.

Case 1:15-cv-07759-LAK Document 114-1 Filed 02/08/17 Page 3 of 6

4. Pursuant to this Judgment, without further action by anyone, and whether or not a Claim Form has been executed and/or delivered by or on behalf of any such Class Member, and subject to paragraph 8 below, on and after the Final Settlement Date, Plaintiff and all other Class Members, on behalf of themselves and the other Releasors, for good and sufficient consideration, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a. all Released Plaintiff's Claims against each and every one of the Releasees;

b. all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the facts and circumstances of the Settlement Agreement, the Settlement terms, and their implementation, (*iii*) the provision of notice in connection with the proposed Settlement, and/or (*iv*) the resolution of any Claim Forms submitted in connection with the Settlement; and

c. all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Plaintiff or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its settlement, except to the extent otherwise specified in the Settlement Agreement.

5. Pursuant to this Judgment, without further action by anyone, and subject to paragraph 8 below, on and after the Final Settlement Date, each and all Releasees, including

Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each and all Releasors, as well as Lead Counsel, from any and all Released Defendants' Claims, except to the extent otherwise specified in the Settlement Agreement.

6. Pursuant to this Judgment, without further action by anyone, and subject to paragraph 8 below, on and after the Final Settlement Date, Plaintiff and its counsel (including Lead Counsel), on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants' Counsel and all other Releasees from any and all Claims that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Action or to the Settlement Agreement, except to the extent otherwise specified in the Settlement Agreement.

7. Pursuant to this Judgment, without further action by anyone, and subject to paragraph 8 below, on and after the Final Settlement Date, Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally,

Case 1:15-cv-07759-LAK Document 114-1 Filed 02/08/17 Page 5 of 6

and forever released, relinquished, settled, and discharged each other from any and all Defendants' Mutually Released Claims.

8. Notwithstanding paragraphs 4 through 7 above, nothing in this Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, the Final Order, or the Judgment.

9. Plaintiff and all other Class Members (and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Plaintiff's Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Action. In addition, all persons are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related in any way to the Released Plaintiff's Claims, including the claims and causes of action, or the facts and circumstances relating thereto,

in the Action; *provided, however,* that nothing in this Judgment shall enjoin the pursuit of any Claims to enforce the Settlement Agreement.

10. All Defendants, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Defendants' Mutually Released Claims or the Released Defendants' Claims.

11. There have not been any requests for exclusion from the Class.

12. All of the complaints filed in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. All Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Without affecting the extent to which the Final Judgment and the Final Order are final for purposes of any appeals, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and the Final Order, and for any other reasonably necessary purpose.

14. FINAL JUDGMENT in the Action is hereby entered in accordance with Fed. R. Civ. P. 58. The Clerk of the Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

Dated: Feb. 17, 2017

The Honorable Lewis A. Kaplan
United States District Judge